*69 The petition set forth that, on the 5th of November, 1818, at Natchez in the state of Mis *70 sissippi, the defendant, by the name and style of chairman of the board of directors of the Natchez Steam Boat Company, for himself and others composing said company, did covenant and agree to give to the plaintiff the sum of 65,000 dollars for the steam boat Vesuvius, then on a voyage from New-Orleans to Louisville, said steam boat to be delivered at New-Orleans on her return, at which time 15,000 dollars were to be paid, the residue in equal instalments, at three, six, nine and twelve months, with interest at six per centum, and that, at the time of delivery, the defendant should make his promissory notes for said four instalments, which should be signed, by him as chairman of said company. The petition then avers an offer to deliver and refusal to receive, and, that the defendant had refused to pay according to the contract. It prays judgment for the said sum of 65,000 dollars or that the defendant be ordered to pay the sum of 15,000 dollars and to execute promissory notes above stated, and concludes with a prayer for further relief.
When the party does not formally deny his signature, it may be proven by witnesses.
A report subscribed by a witness may be read, in order to weaken his testimony by shewing a discrepancy between what he signed & what, he swears.
A stockholder cannot be witness for the corporation.
Hearsay is no testimony.
A member of an unincorporated company is bound in solido for its debts.
The nature, validity and construction of a contract determined according to the lex loci the remedy, according to lex fori.
The defendant pleaded, 1st. A general denial; 2d. In abatement, that there were seventy two other persons (naming them) who were parties with the defendant to the contract, and who ought to have been made parties to the suit *71 3d, That the covenants were made by the defendant with seventy two other persons associated in a special and limited partnership, having a capital stock of 100,000 dollars, of which defendant owns but 1000 dollars. 4th. The fourth plea states that the said company are now a corporation. 5th. The fifth plea sets forth the organization of the Natchez Steam Boat Company, that public proposals were issued on the 4th of January, 1818, for forming a company for the exclusive purpose of purchasing, or building and equipping one or more steam boats, and for raising for that purpose the sum of 100,000 dollars, to be subscribed by the persons forming said company, in shares of 100 dollars each share; that afterwards on the 24th of July, 1818, the subscribers met, formed rules and regulations, and elected nine directors; that the defendant was elected chairman of said board of directors; that in that capacity he addressed a letter to the plaintiff, offering to purchase the Vesuvius for the use of the company; that a correspondence took place, and that on the 10th day of October, 1818, the plaintiff proposed, in a letter to defendant, that the company should purchase from him the steam boats Orleans and Vesuvius, desiring an examination of the Orleans as she was reported to be rotten, and *72 stating that "the character of the Vesuvius was too well known to need comment." The answer proceeded to set forth at great length the negociations between the parties, and contended, that the contract was conditional, and that the company were not bound to receive the boat unless satisfied with her condition after an examination; that the plaintiff, in his letters and conversations, misrepresented the qualities and condition of the boat; that he represented her to be entitled to certain patent rights which she was not. It further stated, that previous to the execution of the contract the plaintiff had the subscription list, proceedings, rules and regulations of the company, and that a conversation took place between him and the defendant, in which the plaintiff desired the defendant to sign the notes with one or two members of the company in their individual names, and not in the name of the company, and that defendant refused and said he would not be responsible further than his own share. It further charged, that the plaintiff had in conversation represented that the boat would return from Louisville early in December, and that he had in a letter offered to contract for the delivery of both boats on the 1st day of January, 1819, thereby inducing the defendant to believe the Vesuvius would re *73 to the district court to admit the said deed in evidence.